FILED DEC 08 '03 10:47 USBCRI

## DISTRICT OF RHODE ISLAND

## UNITED STATES BANKRUPTCY COURT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN RE:

NICHOLAS MASTROIANNI II,
    Debtor

ELAINE L. CHAO, Secretary of Labor,
  United States Department of Labor
    Plaintiff

v.

NICHOLAS MASTROIANNI II,
    Defendant

CHAPTER 7
Case No. 1:03-bk-13239

ADV. PROC. NO.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT TO HAVE DEBT DETERMINED TO BE NON- DISCHARGEABLE

1.    This is an Adversary Proceeding to determine the dischargeability of a certain debt and it is a core proceeding.

2.    The Court has jurisdiction over this proceeding under 28 U.S.C. §§1157(a), (b)(2)(i) and 1334, and 11 U.S.C. §523(a)(4).

### PARTIES

3.    Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, ("Secretary") is charged with the responsibility of protecting the interests of participants in, and beneficiaries of, employee benefit plans, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §1001, et seq.

4.    Defendant, Nicholas Mastroianni II, is the Debtor in this Bankruptcy Proceeding and was the President of Interstate Design and Construction, Inc. (hereinafter, the "Company"),

which is the subject of a Rhode Island state receivership action, captioned <u>Citizens Bank of Rhode Island vs. Interstate Design & Construction, Inc.</u>, Superior Court, Kent County, K.M. No. 00-365.

5. Nicholas Mastroianni II was the Trustee of the Interstate Design & Construction Retirement Plan (hereinafter, the "Plan"), an employee benefit plan as defined by ERISA §3(3), 29 U.S.C. §1002(3).

## BACKGROUND

6. On or about July 2, 2003, the Secretary filed an action in United States District Court, District of Rhode Island, captioned <u>Elaine L. Chao, Secretary of Labor vs. Nicholas Mastroianni II</u>, Civ. Action File No. 03-270-T, alleging violations of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA").

7. On September 16, 2003, Nicholas Mastroianni II filed the herein voluntary Chapter 7 petition in U.S. Bankruptcy Court, District of Rhode Island, Case No. 1:03-bk-13239.

8. On or about October 14, 2003, the Secretary notified the Bankruptcy Court, the Debtor, and the United States Trustee of its position that the District Court action was exempted from the automatic stay pursuant to § 362(b)(4) of the Bankruptcy Code.

## FACTS RELATING TO NONDISCHARGEABILITY

9. The Secretary of Labor through the Employee Benefit Security Administration (EBSA) carried out an investigation of the Plan pursuant to ERISA. The Plan is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3) which was sponsored by the Company.

10. Nicholas Mastroianni II was a Trustee of the Plan and a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A)(i) and (iii), 29 U.S.C. §1002(21)(A)(i) and (iii),

and at all relevant times exercised discretionary authority and/or control respecting the management of the Plan, the management or disposition of it assets, and/or the administration of said Plan.

11. The EBSA investigation of the Plan revealed that in the year 1999 and during the first half of 2000, Nicholas Mastroianni II failed to discharge his fiduciary duties with respect to the Plan solely in the interests of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances prevailing that a prudent man, acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims, and failed to act in accordance with plan documents, in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§1104(a)(1)(A),(B), and (D) by failing to take any actions to collect the unpaid employer contributions and transmit them to the Plan despite the fact that the Company was receiving funds from government contracts which included amounts for payment to the Plan for employees who were working on the government contracts.

12. The EBSA investigation also revealed that during the same period, Nicholas Mastroianni II caused the Company to pay for various personal expenses unrelated to the work on the government contracts or to the overhead of the business and to provide seed money to U.S. Acoustical Wood Products, Inc., a business solely owned by Mastroianni.

13. By failing to take any actions to collect the unpaid employer contributions, resulting in the diversion for his own benefit of monies that were paid to the Company pursuant to government contracts for the purpose of wages and fringe benefits on behalf of his employees, the Debtor dealt with assets of the Plan, i.e. the Plan's right to collect the receivables, in his own interest and for his own account in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1) and acted in a transaction involving the Plan on behalf of a party (or representing a party) whose

interests were adverse to the interests of the Plan or the interests of its participants or beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

14. The amount of $401,361 was not paid to the Plan for Plan years 1999 and 2000.

15. Pursuant to ERISA § 409(a), 29 U.S.C. §1109(a), the Debtor is personally liable to the Plan for the losses suffered by the Plan as a result of Debtor's fiduciary breaches in violation of ERISA § 404, 29 U.S.C. §1104. The Secretary has filed an action in United States District Court, District of Rhode Island, alleging violations of ERISA by the Debtor and seeking a Judgment requiring the Debtor to restore all losses to the Plan as a result of the fiduciary breaches he committed along with injunctive relief and to allow a portion of said payment to be made by offsetting the Debtor's account in the Plan for the benefit of the other participants and beneficiaries.

16. Based upon the breaches of fiduciary duties set forth in Paragraphs (11) through (13) in violation of ERISA §§404(a)(1)(A), (B) and (D), 29 U.S.C. §§1104(a)(1)(A), (B) and (D), and 406(b)(1) and (2), 29 U.S.C. §§1106(b)(1) and (2), all amounts due to the Plan during the years 1999 and 2000 should be determined to be a non-dischargeable debt pursuant to §523(a)(4) of the Bankruptcy Code, as said claims are the result of defalcation by the Debtor while acting in a fiduciary capacity.

## RELIEF SOUGHT

WHEREFORE, the Secretary prays that this Court enter an Order:

1. Making a determination that the aforesaid debt of $401,361 resulting from the Debtor's defalcation in his fiduciary capacity is non-dischargeable.

2. Granting Plaintiff such other and further relief as is just and proper.

                    Respectfully submitted,

                    Howard M. Radzely
                    Acting Solicitor of Labor

Post Office Address:

U.S. Department of Labor         Frank V. McDermott, Jr.
Office of Solicitor                 Regional Solicitor of Labor
JFK Federal Building
Suite E-375
Boston, MA 02203
(617) 565-2500                        _Marjorie A. Butler_ (signature)
                                      Marjorie A. Butler
                                      Attorney (BBO#548797)
                                      U.S. Department of Labor
                                      Attorneys for Complainant

CERTIFICATE OF SERVICE

I hereby do certify that I served the foregoing COMPLAINT TO HAVE DEBT DETERMINED TO BE NON-DISCHARGEABLE on the 5th day of December, 2003, by placing one (1) copy of same in a postage-paid envelope addressed to:

    Nicholas Mastroianni II – Certified Mail No. 7002 2410 0003 8377 2239
    34 Gilbert Stuart Drive
    East Greenwich, RI  02818
    and
    Nicholas Mastroianni II – Certified Mail No. 7002 2410 0003 8377 2246
    Allied Capital & Development
    1212 U.S. Highway 1
    North Palm Beach, FL  33408

    Attorney Jason Monzack – Certified Mail No. 70022410 0003 8377 2253
    Kirshenbaum & Kirshenbaum
    888 Reservoir Avenue
    Cranston, RI  02910

    Leonard J. DePasquale
    Assistant United States Trustee
    10 Dorrance Street, Suite 910
    Providence, RI  02903

    Stacy B. Ferrara, Trustee
    Coventry Commons
    475 Tiogue Avenue, Suite 3
    Coventry, Rhode Island  02815

the last known address and depositing same in the United States Mail at Boston, Massachusetts.

*Janet C Davis*

| ☐ B104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|
| **PLAINTIFFS**<br>ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor | **DEFENDANTS**<br>NICHOLAS MASTROIANNI II | |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Attorney Marjorie A. Butler<br>U.S. Department of Labor, Office of the Solicitor<br>JFK Federal Bldg., Room E-375, Boston, MA 02203<br>617-565-2500 | **ATTORNEYS** (If Known)<br>Jason Monzack<br>Kirshenbaum & Kirshenbaum<br>888 Reservoir Avenue<br>Cranston, RI 02910 | |
| **PARTY** (Check one box only)   ☒ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY ||| 
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>See Attachment |||

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☐ 454 To recover money or property
- ☐ 435 To determine validity, priority, extent of a lien or other interest in property
- ☐ 458 To obtain approval for the sale of both the interest of the estate of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of Chap. 11, Chap. 12, or Chap. 13 Plan
- ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such tion is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

| **ORIGIN OF PROCEEDINGS**<br>(Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT ||| ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Nicholas Mastroianni II | BANKRUPTCY CASE NO.<br>Chapter 7<br>Case No. 1:03-bk-13239 ||
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Rhode Island | DIVISIONAL OFFICE<br>Providence | NAME OF JUDGE<br>Arthur N. Votolato |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE   (Check one box only.)   ☐ FEE ATTACHED   ☒ FEE NOT REQUIRED   ☐ FEE IS DEFERRED ||||
|---|---|---|---|
| DATE<br>12/5/03 | PRINT NAME<br>Marjorie A. Butler | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Marjorie A. Butler ||

Attachment

Defendant Mastroianni is a Trustee of the Interstate Design and Construction Retirement Plan (Plan), an employee benefit plan covered by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq. Defendant Mastroianni breached his fiduciary duty to the Plan by failing to collect employer contributions and caused or allowed such funds to be utilized for his own interests in violation of ERISA §§404 and 406. These acts constituted defalcation by the Defendant while acting in a fiduciary capacity and, therefore, losses to the Plan resulting from these acts are non-dischargeable debts pursuant to 11 U.S.C. §523(a)(4). The Secretary of Labor has filed a related action in United States District Court, District of Rhode Island, entitled <u>Elaine L. Chao, Secretary of Labor v. Nicholas Mastroianni II</u>, Civ. Action File No. 03-270-T.